UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH GRANT; GRACE GRANT,

                Plaintiffs,

-against-

ASPCA; NYPD; DA BROWN; ADA CAFFER; MAYA, DEPUTY; ARUBEN SOBAN,

                Defendants.

19-CV-3970 (CM)

TRANSFER ORDER

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiffs Elizabeth and Grace Grant bring this action *pro se*. Plaintiff Elizabeth Grant is currently detained in the Rose M. Singer Center on Rikers Island. Plaintiff Grace Grant resides in East Elmhurst, where the events giving rise to their claims occurred. According to the attachments to Plaintiffs' complaint, pending in Queens County Criminal Court, is a criminal matter stemming from these events. Plaintiffs sue the ASPCA, the NYPD, District Attorney (DA) Brown, Assistant District Attorney (ADA) Cafferi, Maya, and Aruben Soban. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

    Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And an entity that is not a person, "whether or not

incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiffs sue DA Brown, the District Attorney of Queens County, and ADA Cafferi, an assistant in that office. They also sue the ASPCA, which is headquartered in Manhattan, and the New York City Police Department, which is an agency of the City of New York. Plaintiff does not allege where the individual defendants reside. Plaintiffs allege that the events that are the basis of their claims occurred in East Elmhurst, New York, in Queens County, which is located in the Eastern District of New York. *See* § 112(c). And the City of New York resides in this judicial district as well as in the Eastern District of New York. *See* 28 U.S.C. § 112(b), (c). Thus, while this Court appears to be an appropriate venue for this action, it is clear that the United States District Court for the Eastern District of New York is a proper venue for this action. *See* §§ 112(c), 1391(b)(2).

Even if venue is proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a)

*sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate in this case. The alleged underlying events occurred in Queens County, in the Eastern District of New York, where a related criminal proceeding is pending. In addition, it is likely that relevant documents and witnesses are located in that judicial district. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. *See* § 1404(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a

determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 18, 2019
           New York, New York

                                                COLLEEN McMAHON
                                         Chief United States District Judge